# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ROBERT MILLER, | § | |
| | § | No. 581, 2016 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1412002671 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: December 23, 2016
Decided: February 9, 2017

Before **STRINE**, Chief Justice; **HOLLAND** and **VALIHURA**, Justices.

## ORDER

This 9th day of February 2017, it appears to the Court that:

(1)    On December 9, 2016, the Court received a notice of appeal from the appellant, Robert Miller, appealing the Superior Court's order dated and docketed on October 18, 2016, denying his motion for postconviction relief. Miller is incarcerated in the Howard R. Young Correctional Institution ("HRYCI").

(2)    Under Supreme Court Rule 6(a)(iv), a notice of appeal from the denial of postconviction relief must be filed within thirty days.[1] The thirty day appeal

---

[1] Del. Supr. Ct. R. 6(a)(iv) (providing that a notice of appeal from an order in a postconviction proceeding must be filed within thirty days after entry upon the docket of the order from which the appeal is taken).

period is a jurisdictional requirement.[2] Miller's notice of appeal from the October 18, 2016 order should have been filed on or before November 17, 2016.

(3) On December 9, 2016, the Clerk issued a notice directing Miller to show cause why the appeal should not be dismissed as untimely filed. In response to the notice to show cause, Miller states that he is housed in "the old side" of HRYCI and therefore does not have access to the prison law library. Miller states that he made a written inquiry asking the law library how much time he had to file the appeal but did not receive a response, and that those residing in the old side of HRYCI do not receive mail in a timely fashion.

(4) In Delaware, a notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period to be effective.[3] An appellant's status as a *pro se* prisoner does not excuse a failure to comply strictly with the Court's jurisdictional requirements.[4] An untimely appeal cannot be considered unless the appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel.[5]

---

[2] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).

[3] *Id.* Del. Supr. Ct. R. 10(a); *Smith v. State*, 47 A.3d 481, 483 (Del. 2012).

[4] *Carr*, 554 A.2d at 779. *See also Jones v. State*, 2014 WL 1512805, at *1 (Del. Apr. 15, 2014) (dismissing untimely appeal where inmate claimed his appeal was late because he needed assistance of law library and could not obtain a library appointment until after appeal deadline expired); *Alford v. State*, 2013 WL 3484679, at *1 (Del. July 8, 2013) (dismissing untimely appeal where inmate claimed his appeal was late because he was weak from heart surgery and was unable to receive appointment with law library).

[5] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

2

(5) Miller does not claim, and the record does not reflect, that his failure to file a timely notice of appeal is attributable to court-related personnel. This case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal. The appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

_____
Justice